UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/21
```

Digilytic International FZE, et al.,

               Plaintiffs,

      –v–

Alchemy Finance, Inc., et al.,

               Defendants.

20-cv-4650 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

      On October 16, 2020, Plaintiffs Digilytic International FZE and Rishan Bhagowat, having received certificates of default, filed a motion for default judgment as to five of the six Defendants, Sheng-Wen Cheng; Alchemy Finance, Inc.; Alchemy Company, Ltd.; Alchemy Coin Technology, Ltd.; and Alchemyze Capital, LLC ("the Defaulting Defendants"). Dkt. No. 40. Plaintiffs seek default judgments on eight of the ten causes of action raised in the complaint: fraudulent inducement, breach of contract, unjust enrichment, account stated, three different securities-fraud claims, and violation of the Racketeer Influenced and Corrupt Organization Act. Pls. Br., Dkt. No. 41. In support, Plaintiffs filed declarations of Plaintiffs' counsel, Matthew Heerde, and of Plaintiff Bhagowat. Heerde Decl., Dkt. No. 42; Bhagowat Decl., Dkt. No. 43.

      But one individual Defendant, Jahril Tafari Bell, has appeared in this action and continues to actively contest Plaintiffs' claims. *See* Dkt. No. 13 (Bell's Answer); Dkt. No. 48 (appearance at an initial pretrial conference); Dkt. Nos. 59 (Motion to dismiss the complaint). Plaintiffs therefore do not seek a default judgment as to Bell.

      The Court concludes that Bell's continued participation in this litigation precludes Plaintiffs' request for default judgment as to the Defaulting Defendants. "[D]efault judgment

1

cannot be issued where the relief requested would prejudice actively litigating defendants." *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532 (AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017) (collecting cases). "The key inquiry is whether the default judgment could result in inconsistent outcomes for similarly situated defendants." *El Omari v. Buchanan*, No. 20 CIV. 2601 (VM), 2021 WL 465431, at *3 (S.D.N.Y. Feb. 9, 2021); *Aspen Ins. UK Ltd. v. A & R Able Corp.*, No. 12 CIV. 00261 AJN, 2013 WL 10897793, at *1 (S.D.N.Y. Jan. 2, 2013).

Here, Plaintiffs allege that Bell "was the Chief Business Development Officer of the Alchemy Entity Defendants" and "is a controlling person of all the Alchemy Entity Defendants at all times relevant." Complaint ¶ 12, Dkt. No. 1. The complaint "makes no attempt to delineate the culpability of any of the specific Defendants from that of the others," *Knowles-Carter*, 2017 WL 11567528, at *6, and, indeed, alleges that Bell's actions *cannot* be separated from the actions of the Defaulted Defendants, Complaint ¶ 18 ("Defendants Jung and Bell controlled the Alchemy Entity Defendants for their personal benefit and so intermingled their personal and financial affairs with the Alchemy Entity Defendants such that the same was indistinguishable, and so that all Defendants were and are the alter ego of each other."). The Court finds a significant risk of inconsistent results and prejudice to Bell, making a default judgment against the Defaulting Defendants inappropriate.

Nor do Plaintiffs suffer significant prejudice from this denial. Even if the Court could determine the Defaulting Defendants' liability now, it is well-established that "a court should not enter final judgment as to damages until after [the] conclusion of the merits-phase of the proceedings against the actively litigating defendants." *Knowles-Carter*, 2017 WL 11567528, at *5; *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 161 (N.D.N.Y. 2020). "Without a damages calculation to accompany the liability determination, no

final judgment could be entered in Plaintiffs' favor, and there could be no enforceable judgment that they could attempt to collect." *Hunter*, 505 F. Supp. 3d at 163 (cleaned up).

    For the reasons above, the Court therefore DENIES without prejudice Plaintiffs' motion for default judgment against the Defaulting Defendants. This resolves docket number 40. The Court will address Bell's pending motion to dismiss in due course.

    SO ORDERED.

Dated: September 21, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge