UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIGILYTIC INTERNATIONAL FZE
and RISHAN BHAGOWAT,

                          Plaintiffs,

               -*against*-

ALCHEMY FINANCE, INC., ALCHEMY
COMPANY, LIMITED, ALCHEMY COIN
TECHNOLOGY, LIMITED, ALCHEMYZE
CAPITAL, LLC, SHENG-WEN CHENG,
JAHRIL TAFARI BELL, and DOES 1-20,

                          Defendants.

**ORDER**

20-cv-4650 (ER)

RAMOS, D.J.

Pending before the Court is a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") filed by defendant Sheng-Wen Cheng. For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

The Court assumes familiarity with the facts presented in the previous opinions and orders in this case. *See Digilytic Int'l FZE v. Alchemy Fin., Inc.*, 20-cv-4650 (ER), 2023 WL 4288154 (S.D.N.Y. June 30, 2023); *Digilytic Int'l FZE et al., v. Alchemy Fin., Inc., et al.*, 21-cv-4650 (ER), 2022 WL 912965 (S.D.N.Y. March 29, 2022). For present purposes, the Court provides an abbreviated summary and new, relevant facts herein.

Digilytic International FZE and Rishan Bhagowat ("Plaintiffs") filed this action on June 17, 2020, against Alchemy Finance, Alchemy Company, Alchemy Coin, Alchemyze (collectively, "Alchemy"), and individual defendants Sheng-Wen Cheng, Jahril Tafari Bell, and Does 1-20. Doc. 1. Plaintiffs allege securities fraud, violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), and various common law causes of action stemming from defendants' sale of purported securities in the form of cryptocurrency tokens, as well as breach of service agreements. *Id*. Cheng was served on July 6, 2020, and an answer was due by August 28, 2020. Doc. 22. Having failed to file an answer, the Clerk of Court issued Cheng a Clerk's Certificate of Default (the "Default") on September 4, 2020. Doc. 26. On February 24, 2021, defendant Bell filed a motion to dismiss. Doc. 52. As a result of that motion, the Court directed Plaintiffs to notify the Court and defendants whether they intended to file an amended pleading. Doc. 54. On March 12, 2021, Plaintiffs notified the Court that they would file an amended pleading, Doc. 56, and on March 17, 2021, Plaintiffs filed a first amended complaint ("FAC"). Doc. 57

More than two years later, on November 29, 2022, Cheng filed a motion to set aside the Default on the basis that he was unable to answer the complaint because he was incarcerated and subject to stringent COVID-19 lockdown protocols. Doc. 77. The Court granted Cheng's motion to vacate the Default on June 30, 2023, reasoning that Cheng's failure to respond to the complaint was not willful. Doc. 90. On October 26, 2023, Cheng filed a motion to dismiss Plaintiffs' FAC. Doc. 98. On October 31, 2023, Cheng filed a motion for sanctions against Plaintiffs' counsel pursuant to Rule 11 on the basis that counsel (1) failed to identify a RICO enterprise, a RICO pattern, domestic injury, and asserted frivolous predicate acts; (2) brought both RICO and securities fraud claims, which is generally prohibited, *see* 18 U.S.C. 1964(c); and (3) accused Cheng of marriage fraud and passport fraud without factual support. Doc. 101 at 4.

**DISCUSSION**

Under Rule 11(b), an attorney presenting papers to the Court certifies, among other things, that he does not present them with an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," without support in existing law, or without evidentiary support. Fed. R. Civ. P. 11(b). In turn, Rule 11(c) authorizes sanctions "after notice and a reasonable opportunity to respond" in response to a party's violation of Rule 11(b). Fed. R. Civ. P. 11(c). When sanctions are requested by a party rather than imposed by the Court on its own, the party must comply with the so-called safe-harbor provision of Rule 11(c)(2): the motion for sanctions, made separately from any other motions, should be sent to the opposing party but not actually filed with the Court if the challenged paper or action is withdrawn or appropriately corrected within 21 days after service of the motion. As the Second Circuit has noted, "[t]he safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

Cheng argues that Plaintiffs' counsel should be sanctioned because he asserted an allegedly frivolous RICO claim. Doc. 102 at 8–9. The Court finds that the procedural requirements of Rule 11 have not been met. Cheng has submitted no evidence that he has complied with the safe harbor provision of Rule 11(c)(2) by sending Plaintiffs a draft of the motion 21 days prior to filing the motion as required.

**CONCLUSION**

Accordingly, Cheng's motion for sanctions is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 101.

SO ORDERED.

Dated:  November 8, 2023
        New York, New York

                                                                   EDGARDO RAMOS, U.S.D.J.